In re MUNSEY CORPORATION t/a Picnic Basket and Granny's Basket, Debtor.

CASH REGISTER SYSTEMS, INC., Plaintiff,

v.

MUNSEY CORPORATION t/a Picnic Basket and Granny's Basket, Defendant.

Bankruptcy No. 80–01900T (11). Adversary No. 81–0013.

United States Bankruptcy Court, E. D. Pennsylvania.

May 8, 1981.

---

Lawrence E. Hess, Jr., Fort Washington, Pa., for plaintiff.

David C. Schattenstein, Allentown, Pa., for debtor.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

The plaintiff, Cash Register Systems, Inc. [hereinafter referred to as CRS], seeks relief from the automatic stay provisions of 11 U.S.C. § 362 (1979)[1] in order to reclaim property of the debtor in possession. For reasons hereinafter given, we conclude CRS is not entitled to a modification of the stay.[2]

In August, 1978, CRS sold an electronic cash register system to the debtor.[3] The parties executed a security agreement which authorized the filing of a financing statement necessary to perfect CRS's security interest in the cash register system as required by state law.[4] However, CRS did not file the financing statement until September 30, 1980, approximately two months after the original petition in bankruptcy had been filed.[5] CRS alleges that the debtor is in default on its payments and requests relief from the automatic stay to pursue its remedies under state law. Debtor opposes this request and seeks an order directing CRS to remove its financing statement from the public record.

■ The issue presented for our decision is whether CRS, the holder of an unperfected security interest as of the date of the filing of this Chapter 11 case, is entitled to relief from the automatic stay.

CRS alleges that it lacks adequate protection of an interest in property presently in the possession of the debtor.[6] We need not

1. Section 362(a)(5) of the Bankruptcy Code provides:
   > (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—
   > ... (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

2. This Opinion constitutes the findings of fact and conclusions of law as required by Rule 752 of the Rules of Bankruptcy Procedure.

3. CRS raises for the first time in its Reply Brief the question of the identity of the debtor in this case. CRS admits that while "Munsey Corp., t/a Picnic Basket" is the debtor, their security agreement was signed by "William J. Munnelly for *Picnic Basket, Inc.*", and that Picnic Basket, Inc. is not a proper party to this case. We find that the description of Picnic Basket as a separate corporation in the original contract is an immaterial mistake of fact. Further, we note that the financing statement filed by CRS is signed in the name of "Munsey Corp. t/a Picnic Basket."

4. 13 Pa.Const.Stat.Ann. § 9302(a) (Purdon) provides:
   > (a) General Rule.—A financing statement must be filed to perfect all security interests except the following....

5. The original petition was filed on August 6, 1980, under Chapter 7 of the Bankruptcy Code, but was converted to Chapter 11 by the debtor shortly thereafter.

6. Section 362(d)(1) of the Bankruptcy Code provides:
   > (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
   > (1) for cause, including the lack of adequate protection of an interest in property of such a party in interest;

reach the question of adequate protection, however, as we conclude that CRS has not shown it has an interest in property requiring protection. We conclude that the failure of CRS to perfect its security interest before the commencement of this case renders its security interest subordinate to the interest of the debtor.

To determine the effect of non-perfection, we must initially look to Pennsylvania law. Under Article 9 of the Uniform Commercial Code as codified in Pennsylvania, an unperfected security interest is subordinate to the claim of a subsequent intervening lien creditor. 13 Pa.Const.Stat.Ann. § 9301(a)(2) (Purdon). In its brief CRS contends that the question of perfection is irrelevant, because no subsequent lien creditor exists.

This argument must fail because of the provisions of 11 U.S.C. § 544(a) (1979) and 11 U.S.C. § 1107(a) (1979).[7] Section 544(a)(1) grants to the trustee the status of a hypothetical lien creditor who is deemed to have perfected his interest as of the date of the filing of the bankruptcy petition. In a Chapter 11 case, such as this, where no trustee has been appointed, Section 1107(a) grants to the debtor in possession certain of the trustee's rights and powers, including the status of hypothetical lien creditor under Section 544(a)(1). Here, debtor asserts its status as hypothetical lien creditor so as to subordinate the claim of CRS.

■ The debtor argues that CRS' act of filing the financing statement subsequent to the filing of the petition constitutes an act to enforce or perfect a lien on property of the debtor, and is thus in violation of the automatic stay provisions of Section 362(a)(5).[8] Consequently, the debtor prays for an order directing that CRS remove its financing statement from the public record.

There can be no question that the act of filing the financing statement was an act to perfect a lien against property of the debtor, and thus a violation of the automatic stay.[9] Since we conclude that the filing of the financing statement is a nullity, we cannot allow CRS to benefit from the continued presence of that document in the public record.[10] Thus, we direct CRS to remove the financing statement from the public record forthwith.

7. Section 544(a)(1) of the Bankruptcy Code provides:
   (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
   (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists;
   Section 1107(a) of the Bankruptcy Code provides:
   (a) Subject to any limitations on a trustee under this chapter, and to such limitations or conditions as the court prescribes, a debtor in

possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

8. See n. 1, *supra*.

9. The provisions of 13 Pa.Const.Stat.Ann. § 9301(b) (Purdon) relating to the "relation back" of a perfection of a purchase money security interest if filed within 10 days is not applicable here. *See also*, 11 U.S.C. § 546(b) (1979).

10. The question of contempt, an arguable sanction for violation of the automatic stay, is not before us in this proceeding.