In Re DON/MARK PARTNERSHIP, a general partnership, Debtor.

DON/MARK PARTNERSHIP, a general partnership,

v.

JAMES B. NUTTER AND COMPANY, William H. Lee and Elizabeth B. Lee, Earl Fraser, Bank of Applewood, a Colorado banking corporation, Defendants.

Civ. A. No. 81-K-1375.

No. 81 MC 0734.

United States District Court, D. Colorado.

Oct. 8, 1981.

---

4. In so ruling, the Court does not reach the Union's other grounds for a stay.

Paul D. Rubner, Denver, Colo., for Don/Mark Partnership, a general partnership.

Holly E. Rebstock, Denver, Colo., for James B. Nutter and Co.

Fotios M. Burtzos, Denver, Colo., for William M. Lee and Elizabeth B. Lee.

Hyman A. Coggan, Denver, Colo., for Earl Fraser.

William G. Ross, Denver, Colo., for Bank of Applewood, a Colorado banking corporation.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Debtor filed this Chapter XI bankruptcy proceeding on August 19, 1980. The dispute in this case centers on a house on West Dixie Place in Denver. On August 27, 1980 Bankruptcy Judge John F. McGrath authorized the debtor to sell this house, with the proceeds to be held in escrow. Upon a title search, the debtor discovered that the house was encumbered by several judgment liens filed after August 19, 1980 and based on judgments against some of the debtor's partners, but not against the partnership itself. Debtor then filed a complaint in bankruptcy court, seeking an order allowing debtor to sell the house free and clear of the liens that were filed after the filing of the bankruptcy proceeding. The bankruptcy judge dismissed this complaint on May 5, 1981, holding that these later-filed liens were valid. Plaintiff then appealed to this court. I reverse.[1]

The facts in this case are undisputed. The Dixie Place home was purchased and

---

1. Appellant filed his brief in this court on August 19, 1981. Appellees have not filed any answer briefs within the time allowed by F.R. Bankruptcy 808(2). I therefore consider this appeal in the absence of any answer briefs.

maintained with partnership funds, but has legal title listed in two of the partnership's three partners as tenants in common.

 Under 11 U.S.C. § 362(a)(4) the filing of a bankruptcy petition operates as a stay of "any act to create, perfect, or enforce any lien against property of the estate." Under *id.* § 541(a)(1), the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."[2] In the present case the bankruptcy estate therefore included any equitable interests of the partnership in the house. Because partnership funds were used to purchase the house, it is presumed to be partnership property, unless a contrary intention appears. C.R.S. § 7–60–108(2); *Oswald v. Dunn*, 143 Colo. 487, 495, 354 P.2d 505, 510 (1960). Merely listing legal title in the names of two of the partners does not rebut this presumption. *Wise v. Nu-Tone Co.*, 148 Colo. 574, 579, 367 P.2d 346, 349 (1961). The bankruptcy estate therefore included all of the partnership's interests in the house and 11 U.S.C. § 362(a)(4) prohibited the perfection of any new liens on the house.

 The bankruptcy judge reached a contrary result by considering the general law of partnership. He considered 60 Am. Jur.2d, Partnership § 91 (1972), which states:

purchasers and creditors have the right to rely on the title to real estate as shown by the record. Therefore, as against purchasers and lien creditors dealing with the owners of the land on the faith of a recorded title, and without notice that ownership is different from what appears of record, parol evidence is inadmissible to show that although the land was conveyed to the grantees as individuals, yet it was held by them as partnership property. Nor is the fact that real property is held in the joint names of several owners, or in the name of one for the benefit of all, notice or evidence of the existence of copartnership between them with respect to it.

(citations omitted). The bankruptcy judge then concluded that the judgment liens were valid and could not be "voided" by the debtor. I reject this conclusion. A creditor, acting in good faith and without notice of a partnership's equitable interests may acquire a lien that is superior to the partnership's equitable interests. See *Sky Harbor, Inc. v. Jenner*, 164 Colo. 470, 476, 435 P.2d 894, 897 (1968). The bankruptcy code does not, however, require any notice before the creation and perfection of new liens will be stayed. Its automatic-stay provision supersedes any state law to the contrary.[3] Once the partnership filed its bankruptcy petition, liens against partnership property could not be created.

There is no evidence that the sale of the house should not be allowed under 11 U.S.C. § 363(f). This case is therefore reversed and remanded to allow such a sale. It is

ORDERED that the order of the bankruptcy judge dismissing debtor's complaint is reversed. It is further

ORDERED that this case is remanded to the bankruptcy court with orders that it declare invalid any liens against the West Dixie Place house that were created after August 19, 1980 and that it allow the sale of such property free and clear of such liens. Each party to bear his, her or its own costs. It is further

ORDERED that this civil action is dismissed.

---

**2.** 11 U.S.C. § 541(b) and (c)(2) create some expections that are not applicable here.

**3.** U.S.Const. art. VI, § 2.