In re Richard Andrews FROSDICK, Mary Jane Frosdick, Debtors.

Richard Andrews FROSDICK, Mary Jane Frosdick, Plaintiffs,

v.

BRUNS, GANT & TOMS AGENCY, INC., et al., Defendants.

Bankruptcy No. 81–0624.
Related Case: 81–00673.

United States Bankruptcy Court, N. D. Ohio, W. D.

Dec. 9, 1981.

Edward B. Pedlow, Jr., Lima, Ohio, for plaintiffs.

James J. Scheer, Bernard & Scheer, Celina, Ohio, for defendants.

MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came before the Court upon Defendant's Motion to Deny Plaintiffs' re-

quest for cancellation and avoidance of the judgment lien of Defendant Bruns, Gant & Toms Agency (hereafter Bruns).

It appears that the facts are not in dispute. On or about April 6, 1981, Defendant Bruns obtained a default judgment against Debtor Richard Frosdick in the amount of Five Hundred and no/100 ($500.00) Dollars plus interest and costs for earned insurance premiums. This judgment was subsequently recorded in the Celina Municipal Court of Mercer County, Ohio, on April 13, 1981. The judgment creates a lien on the real estate owned by the Debtors in Mercer County. Such real property is described in Schedule B–1 of the Debtors' Petition. The Debtors assert that the existence of this judgment lien impairs the exemption to which they would be entitled.

The exemption statute, § 522 of the Bankruptcy Code, in pertinent part states the following:

"(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; ..."

Since the judgment lien did not attach to the property of the Debtors until after the bankruptcy petition was filed, it can not be avoided under Section 522(f) of the Code.

However, the perfection of this lien on April 13, 1981, was in violation of the automatic stay provision under Section 362 of the Bankruptcy Code. Section 362(a)(4) states the following:

"(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title (11 USCS § 301, 302, or 303) operates as a stay, applicable to all entities, of ...

(4) any act to create, perfect, or enforce any lien against property of the estate; ...."

This statute directs itself to liens filed before the Bankruptcy has commenced. The judgment in this case was rendered April 6, 1981; however, it was not filed until April 13, 1981.

The law of Ohio clearly specifies when such a lien is perfected. Ohio Revised Code § 2329.02 states in pertinent part the following:

"2329.02 Any judgment or decree rendered by any court of general jurisdiction, ... within this state shall be a lien upon lands and tenements of each judgment debtor within any county of this state from the time there is filed in the office of the clerk of the court of common pleas of such county a certificate of such judgment, setting forth the court in which the same was rendered, the title and number of the action, the names of the judgment creditors and judgment debtors, the amount of the judgment and costs, the rate of interest, if the judgment provides for interest, and the date from which such interest accrues, the date of rendition of the judgment, and the volume and page of the journal entry thereof.

No such judgment or decree shall be a lien upon any lands, ... until a certificate under the hand and official seal of the clerk of the court in which the same is entered or of record, ... is filed and noted in the office of the county recorder of the county in which the land is situated, ...."

Clearly, the lien did not attach to the real estate in question until the judgment was recorded. Consequently, there was no lien until April 13, 1981.

The majority of cases dealing with this subject have fact patterns which illustrate that where judgments constituting liens on property of the debtor have been obtained *and docketed* prior to four months preceding the filing of the Bankruptcy (thus eliminating the issue of preference), suits by the creditors in the state court to marshal and enforce the liens could not be stayed. The case at bar is recognizably distinguishable. Bruns obtained a judgment but delayed in docketing or perfecting that judgment, pursuant to the requirements stated in Ohio Revised Code § 2329.02, until one week la-

ter; the Bankruptcy Case intervened. Its delay was indeed a costly one. The Bankruptcy automatic stay, being first in time, is effective against the subsequent filing of the judgment entry in the state court. Therefore, the perfection of the judgment lien against property of the Debtors without this Court's approval is to be considered null and void. *In re Hawaii Mini-Storage Systems, Inc.*, 1 C.B.C.2d 616 (D.C.Hawaii 1980). It is therefore

ORDERED, ADJUDGED and DECREED that the perfection of the judgment, being untimely filed, is hereby declared to be null and void.

Further, it is ORDERED that Bruns, Gant & Toms Agency is determined to be a general unsecured creditor for the purposes of this bankruptcy proceeding.