**In the Matter of FIORILLO & COMPANY, Debtor.**

**Bankruptcy No. 82 B 20048. Adv. No. 82 6044.**

United States Bankruptcy Court, S. D. New York.

April 5, 1982.

Reisch, Clarey & Kent, Mineola, N.Y., for Delia Const. Corp.

David Griffiths, Griffiths & O'Connell, White Plains, N. Y., for debtor.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

This case illustrates the manner in which the relation-back principle for lien perfection under 11 U.S.C. § 546(b) operates as an exception to the automatic stay by reason of its incorporation by reference in 11 U.S.C. § 362(b)(3). Although this case was decided from the bench, a fuller explanation is required in order to apprise the parties of the precise inter-relationship of this statutory scheme with existing case law.

The plaintiff in this adversary proceeding, Delia Construction Corp., seeks relief from the automatic stay imposed under 11 U.S.C. § 362 in order to perfect its mechanic's lien against this Chapter 11 debtor in accordance with the applicable laws of the State of New York.

In December of 1978, plaintiff entered into a contract with the debtor whereby plaintiff was to be a general contractor providing contracting services in the construction of certain improvements on real property owned by the debtor, Fiorillo & Company, located in Riverdale, New York. Plaintiff claims a balance due of approximately $150,000 as a result of plaintiff's work for the debtor from December of 1978.

The debtor is a partnership in the real estate and management business. It is the owner and landlord of the premises in Riverdale, New York, with respect to which the plaintiff desires to perfect its mechanic's lien. On January 22, 1982 the debtor filed with this court a petition for relief under Chapter 11 of the Bankruptcy Code.

Plaintiff alleges that its services for the debtor are near completion and that under Sections 9 and 10 of the New York State Mechanics' Lien Law, a mechanic's lien must be filed within four months of the last day of work or furnishing of materials to the debtor in order to sustain its validity.

The automatic stay imposed under Code § 362 ordinarily prevents the perfection of a lien after the petition has been filed. Code § 362(a)(4) expressly stays "any act to create, perfect or enforce any lien against property of the estate." The reason for such restraint is stated in 1 *Norton Bankruptcy Law and Practice*, § 20.08, Part 20— Page 9 as follows:

"The restraint on creating postpetition liens against the debtor's estate was intended to prevent the giving of preferential treatment to certain creditors by making them secured instead of unsecured. Thus the automatic stay operates to restrain unsecured prepetition creditors from improving their position as against the trustee."

Consistent with the restraint expressed in Code § 362(a)(4) the courts have uniformly held that the postpetition filing of liens are not only stayed but any such filings are null and void. *Don/Mark Partnership*, 14 B.R. 830, 8 B.C.D. 456 (D.C.Colo.1981); *In re York*, 13 B.R. 757, 7 B.C.D. 1311, 5 C.B.C.2d 132 (Bkrtcy.Me.1981); *In re Munsey Corp.*, 10 B.R. 864, 7 B.C.D. 674 (Bkrtcy.E.D.Pa. 1981); *In re Frosdick*, 16 B.R. 60, 5 C.B.C.2d 1123 (Bkrtcy. N.D.Ohio 1981).

However, Code § 362(b)(3) makes an exception for postpetition filing "to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title." Hence, reference must be made to the latter section, which concerns the limitations placed on the trustee's avoiding powers and reads in relevant part as follows:

"§ 546. Limitations on avoiding powers.

. . . . .

(b) The rights and powers of the trustee under section 544, 545, or 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection."

The legislative history expands on the exception for delayed filing and notes that under the Uniform Commercial Code section 9–301(2) the perfection of a purchase-money security interest may relate back to defeat the rights of an earlier lien creditor whose interest arose between the time the

security interest attached and the time of its perfection, if the purchase-money security interest was perfected within ten days. Thus, for example, suppose that on day one a purchase-money security interest is created and on day four a bankruptcy petition is filed, but perfection of the purchase-money interest is delayed until day eight (four days after the filing of the petition). The perfection would nonetheless serve to defeat a trustee in bankruptcy in his capacity as a hypothetical judicial lien creditor [11 U.S.C. § 544(a)(1)] whose interest arose at the time of the filing of the petition. "The purpose of the subsection is to protect, in spite of the surprise intervention of bankruptcy petition, those whom State law protects by allowing them to perfect their liens or interests as of an effective date that is earlier than the date of perfection." *H.R. No. 95–595,* 95th Cong.1st Sess. (1977) 371; *S.R. No. 95–989,* 95th Cong.2d Sess. (1978) 86, U.S.Code Cong. & Admin.News 1978, p. 5787, 6327.

Under § 10 of the New York Mechanics' Lien Law, the notice of lien must be filed in the clerk's office where the property is situated. The four months' filing period is expressed in this section in relevant part as follows:

"§ 10. Filing of notice of lien.

Notice of lien may be filed at any time during the progress of the work and the furnishing of the materials, or, within four months after the completion of the contract, or the final performance of the work, or the final furnishing of the materials, dating from the last item of work performed or materials furnished."

There is a relation-back provision analogous to the U.C.C. 9–301(2) provision discussed earlier, that is set forth at § 13(5) of the New York Mechanics' Lien Law, which provides in pertinent part that:

"(5) No instrument of conveyance recorded subsequent to the commencement of the improvement, and before the expiration of four months after the completion thereof, shall be valid as against liens filed within four months from the recording of such conveyance, unless the instrument contains a covenant by the grantor that he will receive the consideration for such conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and that he will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose."

The efficacy of § 13(5) of the Mechanics' Lien Law was explored in *In re Chesterfield Developers, Inc.,* 285 F.Supp. 689 (D.C. S.D.N.Y.1968) for the purpose of determining whether the subsequent filing of the notice of lien within the four month statutory period, was sufficient to be enforceable against one acquiring the rights of a bona fide purchaser, including the debtor in possession under Chapter XI of the former Bankruptcy Act. The court sustained the filing of the notice of lien, even though it had been filed after the Chapter XI petition, and said: (page 692)

"An examination of § 13 of the Lien Law indicates that the mechanic's lienor will have priority over any type creditor, unrecorded or recorded, after commencement and within four months of completion of improvements to the property except for the case where there is another mechanic's lien. In such case, the liens will be on a parity. N.Y. Lien Law § 13(1).

[5] Since I find that the lien is not invalid against the trustee as of the date of the filing of the petition, and the other prerequisites for validity have been complied with as hereinbefore set forth, I hold the lien in question valid as against the trustee pursuant to § 67(c)(1)(B)."

Since the availability of the relation-back procedure under the Mechanics' Lien Law is recognized under Code § 546(b) as effective against a debtor in possession in its capacity as trustee under 11 U.S.C. § 1107(a), so as to allow mechanics lienors to perfect their liens within the statutory four month period, notwithstanding the intervention of a Chapter 11 petition, it follows that the plaintiff should be allowed to file its notice of lien in accordance with the state law. The automatic stay is no bar because Code § 362(b)(3) expressly exempts such filing from the conduct otherwise proscribed un-

der Code § 362(a). In referring to Code § 546(b), 1 *Norton Bankruptcy Law and Practice*, § 20.16 Part 20—Page 15, says:

"That section permits postpetition perfection of certain liens against the trustee where bankruptcy intervenes between the creation of the lien and the time when perfection is permitted under local law."

However, the plaintiff may take no action to enforce its mechanic's lien, since any conduct beyond the perfection of the lien may tend to interfere with the reorganization process and is stayed under Code § 362(a)(5). The mere perfection of the mechanics' lien will no less interrupt the reorganization pattern than a suit against a surety on its bond given to discharge the mechanics' lien, where the Court of Appeals for the Second Circuit said that such conduct "will not interfere with the execution of any plan of reorganization that may be formulated ... nor contravene any provision of the Bankruptcy ... [Code]". *In re Stanndco Developers, Inc.*, 534 F.2d 1050, at 1055 (2d Cir. 1976).

Accordingly, the plaintiff is permitted to file its mechanic's lien as provided by the applicable New York Mechanics' Lien Law, but is not authorized to take any further enforcement action.