**In re James (NMN) LOUGHNANE dba Jim Dins Foods, Inc., Debtor.**

**Bankruptcy No. 82 B 05673 M.**

United States Bankruptcy Court, D. Colorado.

April 12, 1983.

## FINDINGS OF FACT

1. On December 7, 1982, James Loughnane filed a Petition in bankruptcy under Chapter 13 of Title 11, United States Code, in the name of In re: "James (NMN) Loughnane, dba Jim Dins Foods, Inc."

2. Notice of the automatic stay provided by 11 U.S.C. § 362 was mailed to the IRS, at 1050 17th Street, Denver, Colorado 80265, on or about March 1, 1983.

3. On September 27, 1982, the IRS made an assessment against Jim Dins Foods, Inc. in the amount of $3,571.98 for due but unpaid income withholding and F.I.C.A. taxes for the quarter ending March 30, 1982, plus statutory additions thereon of $429.91. Jim Dins Foods, Inc. has not filed tax returns or made quarterly tax deposits of income withholding and F.I.C.A. taxes for any subsequent quarters.

4. The IRS served a notice of levy on February 23, 1983, on the United Bank of Broomfield.

5. Jim Dins Foods, Inc. was incorporated on December 17, 1980, by filing Articles of Incorporation with the Secretary of State of the State of Colorado.

6. On September 30, 1982, Jim Dins Foods, Inc. was suspended for failure to file an annual report.

7. James Loughnane owns 100% of the stock of Jim Dins Foods, Inc.

8. Jim Dins Foods, Inc. is in the business of operating three doughnut shops in Westminster, Thornton and Broomfield, Colorado.

Milnor H. Senior, Denver, Colorado, for debtor.

Janet MacFarlane, Denver, Colo., Chapter 13 Trustee.

Heidi Rubinstein, Dept. of Justice, Washington, D.C., for I.R.S.

## ORDER

JAY L. GUECK, Bankruptcy Judge.

THIS MATTER comes before the Court pursuant to an Order to Show Cause issued on behalf of the debtor to the Internal Revenue Service (IRS) to show cause why it should not be held in contempt of court for violation of 11 U.S.C. § 362. The parties submitted a Stipulation of Facts, the pertinent parts of which will be incorporated as a part of the Findings of Fact.

## DISCUSSION

Any "act to collect, assess, or recover a claim against the *debtor*" (emphasis supplied) and "any act to obtain possession of *property of the estate*" (emphasis supplied) is stayed by § 362(a) of the Bankruptcy Code. The IRS is subject to the automatic stay when engaged in tax collection activities. *Matter of Cudaback,* 22 B.R. 914 (Bkrtcy.Neb.1982); *In re Major Dynamics,* 14 B.R. 969 (Bkrtcy.Cal.1981). The purpose of the automatic stay is to

protect property of the estate, property of the debtor, or property in custody of the estate. *In re Tour Train Partnership,* 15 B.R. 401 (Bkrtcy.Vt.1981). Here, the automatic stay is in effect because the Chapter 13 Plan payments have not been completed and a discharge has neither been granted nor denied. See 11 U.S.C. § 362(c)(2)(C) and § 1328. Therefore, the issue is whether the IRS commenced proceedings against property of James Loughnane's estate as property of the estate is defined in 11 U.S.C. § 541.

■ The question of what constitutes property of the estate under § 541 is a federal question, although bankruptcy courts will look to state law for assistance in answering that question. *Georgia Pacific Corporation v. Sigma Service Corp.,* 22 B.R. 984 (D.C.La.1982); *Matter of Ross,* 18 B.R. 364 (D.C.N.Y.1982).

■ In this case, James Loughnane filed for bankruptcy as an individual and not in any corporate capacity. Indeed, only individuals may be debtors under Chapter 13 (11 U.S.C. § 109(a)). Although James Loughnane owns 100% of the stock of Jim Dins Foods, Inc., the property interest of James Loughnane bankruptcy estate extends only to the intangible personal property rights represented by the stock certificates. Here, the IRS seeks to collect back taxes owed by Jim Dins Foods, Inc., and in no way does the IRS interfere with the personal property of the debtor as an individual. Although the Chapter 13 Plan provides for payment of the tax claims under consideration, it is clear that the Chapter 13 Plan of James Loughnane did not have to undertake this obligation.

■ The debtor attempted to testify that he co-mingles bank accounts, keeps no corporate books and records, and, generally, does not respect the corporate entity. In effect, the debtor seeks to pierce the corporate veil on his own behalf. In referring to Colorado law to determine what is the property of the estate, it is clear that the corporate veil cannot be pierced at the whim and caprice of corporate officers. *Colorado Fi-*

*nance Co. v. B.F. Bennett Oil Co.,* 110 Colo. 1, 129 P.2d 299 (1942). Further, although the corporation is suspended, pursuant to 1973 C.R.S. § 7–8–113(6), the corporation is dissolved by operation of law only when it has been suspended for three years. A case which deals with various legal entities and the automatic stay is *In re Don/Mark Partnership,* 14 B.R. 830, (D.C.Colo.1981). There, the partnership filed bankruptcy on August 19, 1980. Thereafter, liens attached to a house purchased with partnership funds. However, the title to the home listed two of three partners as tenants in common. The United States District Court for the District of Colorado held that, pursuant to Colorado State Partnership Law, the house would be presumed to be partnership property. Thus, the Court concluded that the liens attaching on or after August 19, 1980, were void as violations of the automatic stay because the house was property of the partnership estate. This opinion demonstrates that the technical, legal distinctions between individuals, partnerships and corporations will be respected and applied with reference to the automatic stays of actions against property of the estate.

It is my determination that James Loughnane and Jim Dins Foods, Inc. are two separate legal entities. While the ownership interest of the debtor in stock of Jim Dins Foods, Inc. is property of the estate, the corporate entity is not property of the estate. The cases cited by debtor's counsel are inapposite. The decision most relied upon, *In re Jacobsmeyer,* 13 B.R. 298 (Bkrtcy.Mo.1981), is distinguishable. There, two debtors, husband and wife, filed a Chapter 13 petition for themselves *and* their sole proprietorship. If Loughnane's business was conducted in the form of a sole proprietorship, property of the sole proprietorship would also be property of the individual's bankruptcy estate.

In this instance, the IRS has made an appropriate determination of its right to proceed against Jim Dins Foods. Were it otherwise, I would not hesitate to find the IRS in contempt to protect the debtor, the estate and the integrity of the Bankruptcy Code. Such a conclusion would not be war-

ranted in this case. Therefore, the Court, finding that the IRS did not act against property of the debtor or the debtor's estate, orders that the Order to Show Cause be discharged.