In re Louis BERANSEN and Lorraine Beransen, Debtors.

REGENCY CONSUMER DISCOUNT COMPANY, Movant,

v.

Louis BERANSEN and Lorraine Beransen, Respondents.

Bankruptcy No. 5–92–00826.

United States Bankruptcy Court, M.D. Pennsylvania, Wilkes–Barre Division.

April 2, 1993.

Richard Hodges, Scranton, PA, for movant.

Joseph Murray, Stroudsburg, PA, for debtors/respondents.

## MEMORANDUM AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

Before the Court is a Motion to Lift the Automatic Stay filed by Regency Consumer Discount Company against the Chapter Seven Debtors.

Based on the pleadings and the testimony offered on November 16, 1992, the Court makes the following findings of fact.

On or about April 19, 1989, the Debtors purchased a water treatment system for the sum of Three Thousand Three Hundred Seventy Nine and 90/100 Dollars ($3,379.90).

According to the loan document, marked as Exhibit "A", the seller was identified as H2O Professionals and the Movants as the apparent assignees of a promissory note executed by the Debtors whereby, they were advanced the principal amount of Three Thousand Three Hundred Seventy Five and 00/100 Dollars ($3,375.00) which would be repaid over a sixty (60) month period beginning May 19, 1989.

Although it is admitted that the funds were used to purchase the water system, which was installed in the Debtors' personal residence, the Debtors dispute the validity of the security interest and the proper perfection of same.

The Debtors admit that they have defaulted under the promissory note inasmuch as they have failed to make required payments since March of 1992.

The Movant alleges a balance of Two Thousand Eight Hundred Thirty and 43/100 Dollars ($2,830.43).

The Debtors have set forth affirmative defenses alleging again, that the Movant is not the holder of a valid security interest and, alternatively, that the security interest, if held, is not properly perfected.

The only witness called at the time of trial was Lee Pandoli, Branch Manager of Regency Consumer Discount Company, Inc., who briefly testified that the contract between the Debtor and H2O Professionals was purchased by Regency. Mr. Pandoli visited the Debtors' residence and observed the water system hooked up to the plumbing system's main water line. The water treatment system was placed between two pipes. Mr. Pandoli further testified that removal of the water system would be a simple process but would require the reinsertion of a piece of pipe to restore the integrity of the piping. Although the

Debtors, in their pleadings, dispute the validity of the security interest inasmuch as they allege that the description of the water treatment system is inadequate, they have failed to pursue that defense either in testimony or in their brief. We note that the security agreement identifies the items only by serial numbers without any further description of the "goods".

Before we address that issue, the Court will focus on the specific issue briefed and argued by the parties i.e., was the alleged security interest in this water treatment system properly perfected?

The Debtors contend that even if this was a purchase-money security interest in a consumer item and even if "filing" was not required pursuant to the terms of 13 Pa.C.S.A. § 9302(a)(4), nevertheless, filing was required when the water treatment system was attached to the piping and thus became a fixture which would ostensibly require a "fixture filing" pursuant to the terms of 13 Pa.C.S.A. § 9313(d)(1) to maintain its priority.

The Movant's response disputes the allegation that the character of the water treatment system changed from personalty to fixture. Therefore, they say a filing is unnecessary to continue perfection.

The Court has reviewed the issues and concludes that the issue over whether or not the water treatment system has been converted into a fixture is a "red herring". The Court arrives at that conclusion by recognizing that this is a Lift Stay Motion defended by the Chapter Seven Debtors. Whether or not the item is perfected is a secondary issue to the main issue as to whether or not there is, in fact, a security interest.

13 Pa.C.S.A. 9313(e) clearly indicates that even if a security interest in fixtures is not perfected, it would still have priority over conflicting interests where the owner has consented or the Debtor retains the right to remove the goods. Clearly, a security interest, if it exists, is valid between the parties whether this item remains personalty or has been converted into a fixture.

■ This Court makes this finding notwithstanding Debtors' reliance on *In Re Munsey Corp.*, 10 B.R. 864 (Bankr.E.D.Pa. 1981), which held that the failure to properly perfect a security interest renders the security interest subordinate to the interest of the Debtor–in–Possession and precludes the need for adequate protection. This Court agrees with Bankruptcy Judge, Thomas M. Twardowski that a Trustee in Bankruptcy or Debtor–in–Possession, utilizing their status as a hypothetical lien creditor under 11 U.S.C. § 544(a)(1), certainly would be in a position to subordinate the claim of an unperfected security interest holder. Nevertheless, the Chapter Seven Debtor is neither entity and stands not in the shoes of either a Trustee or a Debtor–in–Possession.

If the Debtors are to prevail, they must bootstrap an argument under 11 U.S.C. § 522(f) or (h).

■ The Debtors cannot use § 522(f) to avoid the alleged lien because § 522(f) allows the avoidance of liens in household goods only if they are "nonpossessory, nonpurchase-money security interests". Clearly, if a security interest exists, it is a purchase-money security interest not fitting within that definition. 13 Pa.C.C.A. § 9107.

■ An attempt to utilize the Trustee's powers under § 544 on the basis of § 522(h) must also fail since the Debtor can only exempt property that was "not a voluntary transfer of such property by the Debtor". 11 U.S.C. § 522(g)(1)(A).

A transfer, being defined by 11 U.S.C. § 101 as "every mode ... of ... parting ... with an interest in property", certainly would include Debtors' conveyance of a security interest ultimately assigned to the Movant.

Accordingly, a disposition of this Motion must address the validity of the security interest in question.

■ The validity of a secured interest in bankruptcy is a matter of state law. *Matter of Bollinger Corp.*, 614 F.2d 924 (3rd Cir.1980). Accordingly, we must look to Pennsylvania law to determine whether the security agreement, identified as Exhibit "A", meets the minimal requirements of 13 Pa.C.S.A. § 9203(a). That section reads as follows:

(a) Enforceability.—Subject to the provisions of section 4208 on the security interest of a collecting bank and section 9113 on a security interest arising under the division on sales, a security interest is not enforceable against the debtor or third parties with respect to the collateral and does not attached unless:

(1) the collateral is in the possession of the secured party pursuant to agreement, or the debtor has signed a security agreement which contains a description of the collateral and in addition, when the security interest covers crops growing or to be grown or timber to be cut, a description of the land concerned;

(2) value has been given; and

(3) the debtor has rights in the collateral.

The Debtor does not dispute any of the necessary elements required under § 9203(a) except the adequacy of the description on the security agreement.

The closest that we come to a description in the security agreement is found in two parts of that agreement. The first part states:

"Security: You are giving a security interest in the goods or property being purchased.

☐　　　(brief description of other property) _____".

This statement is of no assistance unless considered with the next item which states:

"Under the terms of this Contract, you have agreed to purchase the following property and its extra equipment, which is called the "Goods" in this Contract."

| /U | Serial Number | Model Number | Description | Price | Sales Tax | Cash Price |
|----|---------------|--------------|-------------|-------|-----------|------------|
| 1 | A024CT8 | | | $ | $ | $3379.90 |
| 1 | RFI054Y | | | $ | $ | $ |
| | | | | $ | $ | $ |
| | | | | | Total | $3379.90 |

When taken together, is this description adequate?

The Court has been unable to locate any specific case that has addressed the adequacy of a description by serial number only.

The statute sets forth the specific test with regard to sufficiency of the description as follows:

"For the purposes of this division, any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described." 13 Pa.C.S.A. § 9110.

The comments to that Section of the Code suggest that the description is adequate if it makes possible the identification of the thing described.

Interpreting that phrase broadly, the Court acknowledges that all things are possible including the inspection of the serial numbers of every item of personalty in the Beransen household. The chances are that the secured item would then be discovered. The chances are just as great that items attached to piping would not be inspected.

"As far as the breadth of a security agreement description is concerned, §§ 9–110 and 9–203 contemplate that any description, regardless of how broad, is sufficient if it reasonably identifies the collateral claimed. Certainly, no serial number is required, and the absence or *presence* of a serial number should be irrelevant to the sufficiency of the description." *Hawkland, Lord & Lewis UCC Series § 9–203:07 (Art. 9), page 686.* (Emphasis ours).

Moreover, the Pennsylvania Supreme Court has considered the issue of the adequacy of a description and has concluded that "The description of collateral in a financing statement need not be specific or exact as long as it reasonably identifies the *type* of property in which a security interest has attached." *Id.,* §§ 9–110 and 9–402(1). It is sufficient if it provides enough information to put a person on notice of the existence of a security interest in a *particular type of property* so that further inquiry can be made about the property subject to the security interest. *Heights v. Citizens National Bank,* 463 Pa. 48, 342 A.2d 738 (1975). (Emphasis ours.)

Logic would dictate that the requirements of a financing statement designed to provide a notice to make further inquiry would, by its nature, be held to a lesser standard of detail than the actual security agreement.

Accordingly, and based on this discussion, we hold that the security agreement contained an inadequate description and therefore, does not validly collateralize the water treatment system.

Accordingly, we enter the attached **ORDER.**

### ORDER

Upon consideration of the pleadings and the testimony offered thereto, **IT IS HEREBY ORDERED** that the Motion to

Lift the Automatic Stay filed by the above-captioned Movant is hereby **DENIED.**