947 F.2d 1282
 22 Bankr.Ct.Dec. 529, Bankr. L. Rep. P 74,347
 In the Matter of VILLAGE MOBILE HOMES, INC., d/b/a Village
Homes, Debtor.
VILLAGE MOBILE HOMES, INC., d/b/a Village Homes, and
Randolph N. Osherow, Trustee in Bankruptcy for the
Estate of Village Homes, Inc., Appellants,
v.
FIRST GIBRALTAR BANK, FSB, Appellee.
 No. 91-8215
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Nov. 29, 1991.
 Martin Seidler, San Antonio, Tex., for Randolph N. Osherow.
 Randolph N. Osherow, San Antonio, Tex., for Village Mobile Homes, Inc.
 Eric J. Taube, Liddell, Sapp & Zivley, Austin, Tex., for First Gibraltar Bank, FSB.
 Appeal from the United States District Court for the Western District of Texas.
 Before POLITZ, KING and DUHE, Circuit Judges.
 POLITZ, Circuit Judge:
 
 
 1
 Village Mobile Homes, Inc., a bankruptcy debtor, appeals an order authorizing an administrative priority claim in favor of First Gibraltar Bank, FSB. We affirm that portion of the order awarding past due rentals, but for the reasons assigned, vacate and remand that portion of the payment order based on conversion of property.
 
 Background
 
 2
 Village Mobile petitioned for Chapter 11 bankruptcy relief in 1989. First Gibraltar ultimately moved for an allowance and payment of administrative priority claims, 11 U.S.C. § 503(a), (b)(1)(A), for past due rent on real property occupied by Village Mobile after foreclosure by First Gibraltar. This motion was served on Village Mobile's counsel. Village Mobile filed a written opposition to the motion but did not appear at the hearing. The bankruptcy court ordered Village Mobile to pay First Gibraltar $7000 rent for the use of the lot to store mobile homes after the date of the foreclosure. In addition, the court ordered the payment of $47,197 in conversion damages for Village Mobile's alleged removal of buildings and a fence from the lot. The bankruptcy court denied Village Mobile's motion for rehearing. The matter was appealed to the district court, which affirmed the bankruptcy court's ruling. Village Mobile appealed.
 
 Analysis
 
 3
 The bankruptcy court judgment awarding conversion damages was entered after notice and hearing on a "Motion for Allowance and Payment of Administrative Priority Claims" filed with the court and served on Village Mobile. This type of procedure is sufficient for "contested matters." See Bankruptcy Rules 9013, 9014. However, First Gibraltar's claim for conversion damages is "[a]n adversary proceeding ... to recover money or property[.]" Bankruptcy Rule 7001; see In re Lawler, 106 B.R. 943 (N.D.Tex.1989). As such, the claim required the filing of a "complaint." Bankruptcy Rule 7003 (adopting Fed.R.Civ.P. Rule 3): see also 9 Collier on Bankruptcy p 7003.05, p. 7003-3 (1990) (contrasting adversary proceedings with contested matters).
 
 
 4
 Compliance with the requisites of an adversary proceeding may be excused by waiver of the parties. See In re Mark Twain Marine Industries, Inc., 115 B.R. 948, 949 n. 1 (Bankr.N.D.Ill.1990); In re Wlodarski, 115 B.R. 53 (Bankr.S.D.N.Y.1990); In re Coan, 96 B.R. 828 (Bankr.N.D.Ill.1989); In re Szostek, 93 B.R. 399 (Bankr.E.D.Pa.1988), order modified on other grounds No. 89-156, 1989 WL 30648 (E.D.Pa. March 30, 1989), and 886 F.2d 1405 (3d Cir.1989) (excusing noncompliance with the adversary proceedings rules when compliance waived by parties). The case at bar, however, does not involve waiver. Counsel for Village Mobile was not present when the conversion claim was first raised in bankruptcy court. Counsel promptly petitioned for rehearing when informed of the entry of judgment. In this setting, we must vacate that portion of the judgment awarding conversion damages. Because the motion procedure was appropriate for the administrative priority claim for past due rents we may and do affirm that portion of the judgment. See e.g. In re Englewood Community Hospital Corp., 117 B.R. 352 (Bankr.N.D.Ill.1990).
 
 
 5
 To aid the court in its consideration of this matter on remand we address the issue of damages. The conversion sum awarded was based on the "replacement cost of the property that was removed." Village Mobile argues that as a matter of Texas law, damages for conversion must be established by proof of the market value of the property at the time and the place of the conversion. We agree, although we find the expressions in the Texas precedents to be a bit less than crystal clear.
 
 
 6
 "There appear to be no exact rules to determine damages in a [Texas] conversion case." First National Bank v. Gittelman, 788 S.W.2d 165, 168 (Tex.Ct.App.1990). In Prewitt v. Branham, 643 S.W.2d 122 (Tex.1982), however, the Supreme Court of Texas stated that the measure of damages in a conversion action is the value of the property at the time and place of conversion. The Prewitt court reversed a conversion award because the assessment of property value did not "include the time for fixing value." Id. at 123. The Prewitt court's discussion was faithfully recited in Federal Savings and Loan Insurance Corp. v. Kennedy, 732 S.W.2d 1 (Tex.Ct.App.1986); however, other intermediate appellate courts have suggested a more expansive view:
 
 
 7
 [T]he damages in an action for conversion are measured by the sum of money necessary to compensate the plaintiff for all actual losses or injuries sustained, not merely the reasonable market value of the property, as a natural and proximate result of the defendant's wrong.
 
 
 8
 Virgil T. Walker Construction Co. v. Flores, 710 S.W.2d 159, 161 (Tex.Ct.App.1986) (citations omitted); see also First National Bank v. Gittelman, 788 S.W.2d at 168 (quoting Walker Construction). Notwithstanding the language in Walker Construction and Gittelman, we take our cue from the Texas Supreme Court in Prewitt. We do not consider Walker Construction and Gittelman in conflict with our conclusion that evidence of market value is necessary for an award of compensatory damages in a Texas conversion action. As we understand these opinions, neither would sanction an award when no evidence of market value is proffered.
 
 
 9
 AFFIRMED IN PART, VACATED and REMANDED IN PART.