In re Robert A. DILLON, Debtor.

Bankruptcy No. 91–34971.

United States Bankruptcy Court,
E.D. Tennessee.

Aug. 18, 1992.

John P. Newton, Jr., Knoxville, TN, for debtor.

Jerry G. Cunningham, U.S. Atty., Pamela G. Steele, Asst. U.S. Atty., Knoxville, TN, for the U.S. and its agency, the I.R.S.

## MEMORANDUM ON DEBTOR'S MOTION FOR CONTEMPT

RICHARD S. STAIR, Jr., Bankruptcy Judge.

Before the court is a "Motion For Contempt" (Motion) filed by the debtor on January 17, 1992, by which the debtor seeks damages from the Internal Revenue Service (IRS) pursuant to Bankruptcy Code § 362(h) for a willful violation of the automatic stay. The Motion is based on the IRS's refusal to return funds it levied upon prior to commencement of the debtor's bankruptcy case.

Contemporaneously with the filing of his Motion, the debtor also filed a "Motion For Turnover Pursuant To 11 U.S.C. Section 542(a)" (Turnover Motion) requesting an order compelling the IRS to turn over the disputed funds. The IRS, on March 24, 1992, moved to dismiss the Turnover Motion upon procedural grounds. Specifically, the IRS contends that matters involving a turnover of property are adver-

sary proceedings governed by Part VII of the Federal Rules of Bankruptcy Procedure and are thus commenced by the filing of a complaint. The debtor does not dispute that in the absence of a waiver of the procedural requisite his Turnover Motion must be dismissed. *See Matter of Village Mobile Homes, Inc.*, 947 F.2d 1282, 1283 (5th Cir.1991) ("Compliance with the requisites of an adversary proceeding may be excused by waiver of the parties"); *Matter of Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990) ("A turnover proceeding commenced by motion rather than by complaint will be dismissed; and a turnover order entered in an action commenced by motion will be vacated" (citations omitted)). The Turnover Motion will be denied, without prejudice.

The parties have agreed that an evidentiary hearing on the Motion is unnecessary. The record before the court consists of stipulations of facts and documents submitted through a Joint Stipulation filed by the parties on April 24, 1992. Briefs in support of the respective theories of the debtor and IRS have been filed.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A) (West Supp.1992).

## I

On September 11, 1991, the IRS issued a "Notice Of Levy" to Diamond Federal Savings and Loan and Standard Federal Savings and Loan, thereby levying on $33,-796.76 in funds held by the debtor in Individual Retirement Accounts (IRA's). These levies arose out of the debtor's failure to pay income taxes for 1979, 1981 and 1982. On October 2, 1991, the debtor filed the petition commencing this Chapter 7 bankruptcy case. In Schedule C to his petition, the debtor claims as exempt his interest in the IRA accounts pursuant to Tenn.Code Ann. § 26–2–104(b) (Supp. 1991).[1] On October 3, 1992, the debtor notified the IRS in writing of his bankruptcy case and demanded the return of the funds. The IRS, having received the $33,- 796.76 from Diamond Savings and Loan and Standard Federal Savings and Loan pursuant to its levy, refused to return the funds.

## II

■■■ As a preliminary matter, the court must first consider the issue of the IRS' sovereign immunity, a jurisdictional prerequisite to the resolution of the debtor's Motion. The debtor may obtain monetary relief from the IRS for willful violations of the automatic stay only to the extent that the IRS has waived its sovereign immunity. *Price v. United States (In re Price)*, 130 B.R. 259, 261 (N.D.Ill.1991) (citing *U.S. v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983)). Any such waiver must be "unequivocally expressed" in order to be effective. *United States v. Nordic Village*, —— U.S. ——, ——, 112 S.Ct. 1011, 1014, 117 L.Ed.2d 181 (1992).

Bankruptcy Code § 106 provides for a limited waiver of sovereign immunity in bankruptcy cases. This section provides:

**Waiver of sovereign immunity.**

(a) A governmental unit [2] is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

(1) a provision of this title that contains "creditor", "entity", or "governmental unit" applies to governmental units;

---

**1.** *See infra* n. 5.

**2.** The IRS is a "governmental unit" as that term is defined at Bankruptcy Code § 101(27) (11 U.S.C.A. § 101(27) (West Supp.1992)).

(2) a determination by the court of an issue arising under such a provision binds governmental units.

11 U.S.C.A. § 106 (West 1979).

■ In *Nordic Village*, the Supreme Court held that Code § 106(a) and (b) meet the "unequivocal expression" requirement for waiver with respect to monetary liability. —— U.S. at ——, 112 S.Ct. at 1015. The Court determined, however, that while subsections (a) and (b) of § 106 waive sovereign immunity with regard to monetary relief for compulsory counterclaims to government claims (subsection (a)) and permissive counterclaims to government claims capped by a setoff limitation (subsection (b)), § 106(c) is limited to permit a bankruptcy court to issue declaratory and injunctive relief, but not monetary relief, against the government. —— U.S. at —— and ——, 112 S.Ct. at 1015 and 1017.

The IRS has not filed a claim in this case nor has the United States or any of its other agencies. Consequently, neither § 106(a) nor (b) serve to waive the IRS's sovereign immunity from monetary relief. Further, under the authority of *Nordic Village*, § 106(c) is deemed to waive sovereign immunity only as to declaratory and injunctive relief, and then only with respect to those provisions of the Bankruptcy Code containing one of the trigger words. In the instant proceeding, the debtor seeks damages pursuant to Bankruptcy Code § 362(h) for the IRS's alleged violation of the automatic stay of § 362(a).[3] Section 362(a)(3) provides in material part:

> Except as provided in subsection (b) of this section, a petition filed under section 301 ... of this title ... operates as a stay, applicable to all *entities*, of—

. . . .

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]

11 U.S.C.A. § 362(a)(3) (West Supp.1992) (emphasis added).

■ Because § 362(a) contains the word "entities", one of the trigger words of § 106(c), the IRS is deemed to have waived its sovereign immunity as to declaratory and injunctive relief.[4] Therefore, the court will determine whether the IRS willfully violated the automatic stay of Bankruptcy Code § 362(a). However, even if the stay was violated and damages would be appropriate under § 362(h), the court is without jurisdiction to award monetary damages against the IRS.

### III

The debtor contends that the levied funds are exempt from execution pursuant to Tenn.Code Ann. § 26–2–104(b) (Supp. 1991).[5] Therefore, the debtor argues, by maintaining control of the funds, the IRS has violated the automatic stay of Code § 362(a). The court concludes, however, that the Tennessee exemption statute relied on by the debtor has no application in this case. Therefore, even if the IRS is in technical violation of the automatic stay, the debtor has suffered no damages.

The Supreme Court has held that "an exempt status under state law does not bind the federal collector. Federal law governs what is exempt from federal levy." *United States v. National Bank of Commerce*, 472 U.S. 713, 105 S.Ct. 2919, 86

---

3. The debtor does not specify either in his Motion or pretrial brief the subparagraph of § 362(a) which he contends the IRS has violated. Presumably, it is § 362(a)(3) which is in dispute.

4. Bankruptcy Code § 102 provides as a rule of construction in title 11 that "the singular includes the plural." 11 U.S.C.A. § 102(7) (West Supp.1992). Thus, there is no distinction between the word "entities" as used in § 362(a) and the trigger word "entity" as used in § 106(c).

5. Tenn.Code Ann. § 26–2–104(b) provides in material part:

> Except as provided in subsection (c), any funds or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement plan which is qualified under §§ 401(a), 403(a), 403(b), and 408 of the federal Internal Revenue Code of 1986, as amended, are exempt from any and all claims of creditors of the participant or beneficiary, except the state of Tennessee....

L.Ed.2d 565 (1985); *United States v. Mitchell,* 403 U.S. 190, 204, 91 S.Ct. 1763, 1771, 29 L.Ed.2d 406 (1971). Section 6334(c) of the Internal Revenue Code provides:

Notwithstanding any other law of the United States (including section 207 of the Social Security Act), no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a).

26 U.S.C.A. § 6334(c) (West Supp.1992).

Subsection (a) of § 6334 provides that certain property is exempt from levy by the IRS. This property includes: (1) wearing apparel and school books; (2) fuel, provisions, furniture and personal effects; (3) books and tools of a trade, business or profession; (4) unemployment benefits; (5) undelivered mail; (6) certain annuity and pension payments; (7) worker's compensation; (8) child support; and (9) minimum exemption for wages, salary, and other income. 26 U.S.C.A. § 6334(a) (West Supp. 1992). Subsection (a) does not contain a provision exempting IRA accounts. Consequently, the debtor's IRA accounts were subject to levy by the IRS.

█ Assuming the disputed funds remain property of the estate notwithstanding the levy, the IRS may be in technical violation of the automatic stay.[6] The estate has, however, suffered no damages from the violation. The lien encumbering the funds as a result of the levy provides the IRS with an interest in the funds superior to that of the debtor and the trustee. The trustee would, accordingly, be obliged to abandon the funds as burdensome assets to the extent of any interest deemed to reside in the estate. Consequently, the debtor's Motion for Contempt will be denied.

This Memorandum constitutes findings of fact and conclusions of law as required by Fed.R.Bankr.P. 7052. An appropriate order will be entered.

---

**6.** The IRS would be in violation of the automatic stay only if the levied funds are property of the estate, a question over which courts are divided. *See, e.g., Brown v. Evanston Bank (In re Brown),* 126 B.R. 767 (N.D.Ill.1991) (Debtor does not retain any interest in cash or cash equivalent property which has been subject to a prepetition levy by the IRS). *Contra, Dunne Trucking Co. v. Internal Revenue Service (In re Dunne Trucking Co.),* 32 B.R. 182 (Bankr. N.D.Iowa 1983). For the purpose of argument, the court will assume, without deciding the issue, that the funds remained property of the estate.