**In re Jeffery L. BERRY, d/b/a J & D Enterprises, Darlene Berry, a/k/a Darlene Stephens, Debtors.**

**No. 00–34646.**

United States Bankruptcy Court,
E.D. Tennessee.

May 11, 2001.

---

Brenda G. Brooks, Moore & Brooks, Knoxville, TN, for debtors.

Craig J. Donaldson, Kennerly, Montgomery & Finley, P.C., Knoxville, TN, for City of Knoxville Pension Board.

James Russell Dedrick, Interim United States Attorney, David M. Katinsky, Washington, D.C., Pamela G. Steele, Howard H. Baker, Jr., United States Courthouse, Knoxville, TN, for U.S.

### MEMORANDUM ON OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

RICHARD S. STAIR, Jr., Bankruptcy Judge.

The United States of America, on behalf of its agency, the Internal Revenue Service (IRS), filed an Objection to Confirmation of Chapter 13 Plan (Objection) on December 21, 2000. The IRS asserts that its claim against the Debtors' estate should be treated as fully secured due to a federal tax lien on Debtor Jeffery Berry's retirement account. The Debtors and the City of Knoxville Pension Board [1] disagree, contending that 11 U.S.C.A. § 541(c)(2) (West 1993) defeats the IRS's asserted interest in the retirement funds.

By agreement of the parties, and pursuant to the court's March 1, 2001 Order, this matter will be resolved upon stipulations and briefs. Each party has accordingly briefed its respective theories. A Joint Stipulations of Fact containing stipulated facts and documents was filed on March 16, 2001, and amended on April 3, 2001.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(L) (West 1993).

### I.

The Debtors commenced their bankruptcy case under Chapter 13 on November 15, 2000, scheduling the IRS as a nonpriority unsecured creditor. The Debtors' Chapter 13 Plan, also filed on November 15, 2000, proposes to pay unsecured creditors, including the IRS, a dividend ranging between twenty and seventy percent.

On December 14, 2000, the IRS filed a Proof of Claim in the amount of $10,572.50 for unpaid income taxes, including interest and penalty to the petition date. The claim, filed as secured, is for 1994 taxes and is based on a 1997 assessment. The IRS filed a Notice of Tax Lien on March 10, 1998.[2] As noted, the IRS filed its Objection on December 21, 2000, objecting to confirmation of the Debtors' Plan on several grounds, including that the Debtors failed to treat its claim as fully secured.[3]

The Debtors subsequently, on March 7, 2001, filed their First Amended Chapter 13 Plan (Plan) proposing to treat the IRS's claim as secured, but only to the extent of the Debtors' non-exempt personal property valued at $2,250.00. The IRS argues that its claim should be treated as fully secured in the Debtors' Plan because of the alleged lien on Mr. Berry's interest in his pension fund.

### II.

Since 1992, Mr. Berry has been employed by the City of Knoxville, Tennessee, as a firefighter. As a condition of his employment, Mr. Berry is required to contribute to the City of Knoxville Retirement Plan (Retirement Plan), which the parties agree is a qualified trust under § 401(a) of the Internal Revenue Code. Under § 401(a)(13), a qualified trust must direct

---

1. The City of Knoxville Pension Board was allowed to intervene in this contested matter pursuant to an Order entered on March 1, 2001.

2. These facts, while not stipulated to by the parties, are not in dispute. They are evidenced by the Proof of Claim filed by the IRS and appended to its Objection to Confirmation.

3. Also before the court is an Objection to Confirmation by Chapter 13 Trustee filed by the Chapter 13 Trustee, Gwendolyn M. Kerney, on December 22, 2000. Resolution of this objection, grounded on feasibility under 11 U.S.C.A. § 1125(a)(6) (West 1993), has been reserved pending resolution of the IRS Objection.

that benefits may not be assigned or alienated, with an exception provided for "qualified domestic relations orders." *See* 26 U.S.C.A. § 401(a)(13) (West Supp.2000). Paragraph 15.3 of the Master Trust Agreement establishing the City of Knoxville Employee Pension System states that all benefits are nonassignable and nonalienable. Section 1352.1 of the Knoxville City Charter provides that city retirement benefits are not subject to attachment, execution, or garnishment, and are nonassignable except in cases of child support orders entered in accordance with state law. Tennessee law further provides:

> (a) All moneys received by a resident of the state, as pension from the state of Tennessee, *or any subdivision or municipality thereof,* before receipt, or while in the resident's hands or upon deposit in the bank, *shall be exempt from execution, attachment or garnishment* other than an order for assignment of support issued under § 36–5–501, whether such pensioner is the head of a family or not.

> (b) [Subject to exceptions not relevant to the present case], any funds or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement plan which is qualified under §§ 401(a), 403(a), 403(b), and 408 of the Internal Revenue Code of 1986, as amended, *are exempt from any and all claims of creditors of the participant* or beneficiary, except the state of Tennessee. All records of the debtor concerning such plan and of the plan concerning the debtor's participation in the plan, or interest in

the plan, are exempt from the subpoena process.

TENN. CODE ANN. § 26–2–105(a)–(b) (2000) (emphasis added).[4]

### III.

■ The IRS's lien on Mr. Berry's interest in the Retirement Plan is a secured claim against the Debtors' bankruptcy estate only to the extent that the estate has an interest in the Retirement Plan. *See* 11 U.S.C.A. § 506(a) (West 1993). It is a fundamental principle of bankruptcy law that nearly every property interest of a debtor becomes a property interest of the estate under 11 U.S.C.A. § 541 (West 1993 & Supp.2000). Section 541(c)(2), however, provides an exception to the Bankruptcy Code's otherwise broad definition of "property of the estate," directing that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." 11 U.S.C.A. § 541(c)(2).

■ The issue before the court is thus whether the anti-assignment provisions of the Master Trust Agreement, the Knoxville City Charter, and the Tennessee Code are "restriction[s] on the transfer of a beneficial interest of the debtor in a trust that [are] enforceable under applicable nonbankruptcy law." The Sixth Circuit has commented that the application of § 541(c)(2) normally involves a three-step inquiry. *See Taunt v. General Retirement Sys. of Detroit (In re Wilcox),* 233 F.3d 899, 904 (6th Cir.2000). The parties have stipulated the first two steps: that the Debtors have a beneficial interest in a

---

4. The Court infers that in § 26–2–105 the Tennessee legislature intended to require qualification under *either* § 401(a), 403(a), 403(b), *or* 408 instead of requiring compliance with all four, because § 401(a) (qualified pension, profit-sharing, and stock bonus plans), § 403(a) (qualified annuity plans), § 403(b) (annuities purchased by charitable organizations or public schools), and § 408 (individual retirement accounts) are mutually exclusive.

trust; and that there are restrictions on the transfer of that interest. Therefore, the court need only decide the third step of the § 541(c)(2) inquiry: whether the restrictions are enforceable under applicable nonbankruptcy law. *See Wilcox,* 233 F.3d at 904. "Applicable nonbankruptcy law" may be state or federal in origin. *See Patterson v. Shumate,* 504 U.S. 753, 112 S.Ct. 2242, 2247, 119 L.Ed.2d 519 (1992); *see also In re Leamon,* 121 B.R. 974, 978–82 (Bankr.E.D.Tenn.1990).

On first reading, Sixth Circuit authority cited by the IRS appears to render the Retirement Plan's anti-alienation and anti-assignment restrictions ineffective. *See United States v. Sawaf,* 74 F.3d 119 (6th Cir.1996). In *Sawaf,* proceeding under the Federal Debt Collection Procedure Act (FDCPA), the IRS sought a garnishment order against the Sawafs' interest in a nongovernmental pension fund. *See id.* at 122. Like the Bankruptcy Code, the FDCPA contains a broad definition of "property" and provides an exemption from collection for "any property that is exempt under Federal [nonbankruptcy] law ... that is applicable on the date of the filing of the application for a remedy under this chapter...." *Id.* (quoting 28 U.S.C.A. § 3014(a)(2)(A) (1988)). The Sawafs' claimed that their interest in the pension fund was exempt due to an ERISA provision restricting the assignment or alienation of the plan. *See Sawaf,* 74 F.3d at 123.

Relying primarily on Treasury Regulation § 1.401(a)–13(b), the *Sawaf* court allowed the IRS to "properly garnish the Sawafs' pension fund to satisfy its judgment." *Id.* at 125. Section 401(a)–13(b)(1) restates 26 U.S.C.A. § 401(a)(13)'s requirement that a qualified trust must restrict

the assignment or alienation of its benefits. *See* 26 C.F.R. § 1.401(a)–13(b)(1) (2000). The *Sawaf* court went on to note, however, that § 1.401(a)–13(b)(2) contains two exceptions to the general rule, expressly permitting:

(i) The enforcement of a Federal tax levy made pursuant to section 6331.

(ii) *The collection by the United States on a judgment resulting from an unpaid tax assessment.*

*Sawaf,* 74 F.3d at 123 (quoting 26 C.F.R. § 1.401(a)–13(b)(2)).

However, as noted, *Sawaf* involved a nongovernmental retirement fund. A closer reading of § 1.401(a)–13 reveals that the regulation is expressly made inapplicable to all governmental pensions. *See* 26 C.F.R. § 1.401(a)–13(a). As the regulation relied on by the Sixth Circuit is therefore not applicable to the governmental pension fund currently at issue, *Sawaf* is of no assistance to the Internal Revenue Service in this case.[5]

■ But *Sawaf* is not the end of the matter for the IRS. Federal tax liens are authorized by 26 U.S.C.A. § 6321 which directs:

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon *all property and rights to property,* whether real or personal, belonging to such person.

26 U.S.C.A. § 6321 (1989) (emphasis added). Liens imposed by § 6321 "arise at the time the assessment is made and ...

---

5. Because subsection (a) makes § 1.401(a)–13 inapplicable to governmental pension plans, the court need not determine whether § 1 .401(a)–13(b)(2)(i) and/or (ii) are satisfied by the facts of this case.

continue until the liability for the amount so assessed ... is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C.A. § 6322.[6] The language of § 6321 "is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." *United States v. National Bank of Commerce*, 472 U.S. 713, 105 S.Ct. 2919, 2924, 86 L.Ed.2d 565 (1985). "Stronger language could hardly have been selected to reveal a purpose to assure the collection of taxes." *Id.* (quoting *Glass City Bank v. United States*, 326 U.S. 265, 66 S.Ct. 108, 110, 90 L.Ed. 56 (1945)).

■ Because of the far-reaching collection power granted by § 6321, the anti-assignment and anti-alienation provisions of the Master Trust Agreement, the Knoxville City Charter, and the Tennessee Code are not "restrictions enforceable under applicable nonbankruptcy law." "[A]n exempt status under state law does not bind the federal collector." *United States v. Mitchell*, 403 U.S. 190, 91 S.Ct. 1763, 1771, 29 L.Ed.2d 406 (1971); *accord In re Dillon*, 148 B.R. 852, 854 (Bankr. E.D.Tenn.1992). "[S]tate-law limitations upon the ability of general creditors to reach a taxpayer's property do not affect the attachment of federal tax liens because the state-law consequences flowing from a property interest properly defined under state law 'are of no concern to the operation of the federal tax law.'" *United States v. Safeco Ins. Co. of Am., Inc.*, 870 F.2d 338, 340–41 (6th Cir.1989) (quoting *National Bank of Commerce*, 105 S.Ct. at

2926). A federal tax lien under § 6321 is "a lien both on property that is alienable under state law *and on property that is not.*" *Bank One Ohio Trust Co., N.A. v. United States*, 80 F.3d 173, 176 (6th Cir. 1996) (emphasis added).

■ The Supreme Court of Tennessee has acknowledged that once a property interest is identified under state law "federal law takes over for the purpose of determining whether a lien will attach." *Howard v. United States*, 566 S.W.2d 521, 525 (Tenn.1978) (interest in spend-thrift trust). That court has additionally recognized "the established legal proposition that federal law exclusively governs what is exempt from federal taxation." *Id.*

Under § 6321 of the Internal Revenue Code, the IRS has a lien on all of the Debtors' property and property interests. Pursuant to the City of Knoxville Charter, Mr. Berry has a property interest in the right to receive future payments under the Retirement Plan. Because § 6321 defeats the state law anti-alienation and anti-assignment provisions at issue, those restrictions are not "enforceable under applicable nonbankruptcy law." *See Mitchell*, 91 S.Ct. at 1771; *Bank One Ohio Trust*, 80 F.3d at 176; *Safeco Ins.*, 870 F.2d at 340; *Howard*, 566 S.W.2d at 525. The shield of § 541(c)(2) is therefore unavailable to the Debtors, and Mr. Berry's interest in the Retirement Plan is property of the estate pursuant to § 541(c)(1).[7] Under § 506(a),

---

**6.** 26 U.S.C.A. § 6331 authorizes lien collection by means of levy. Section 6334 exempts certain property from levy, including several categories of retirement funds. None of those categories, however, shield Mr. Berry's interest in the City of Knoxville Pension Plan. *See* 26 U.S.C.A. § 6334(a)(6) (West Supp.2000).

**7.** Section 541(c)(1) provides in material part:

Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law–

(A) that restricts or conditions transfer of such interest by the debtor[.]

11 U.S.C.A. § 541(c)(1).

the IRS has an allowed claim against the pension rights to the extent of their value.[8] That value is fixed at the present value of the future stream of payments to be received. *See Robinson v. United States (In re Robinson)*, 39 B.R. 47, 49 (Bankr. E.D.Va.1984); *see also In re Lyons*, 148 B.R. 88, 94 (Bankr.D.C.1992) (citing *Robinson*).

In summary, the IRS has a claim fully secured by the Debtor Jeffery Berry's Retirement Plan. Having failed to treat the IRS's secured claim in their Plan in the manner required by 11 U.S.C.A. § 1325(a)(5)(B) (West 1993),[9] the IRS's Objection must be sustained and confirmation of the Debtors' Plan will be denied. The Debtors will, however, be given ten days within which to further amend their Plan to provide for payment of the IRS's secured claim in the manner required by 11 U.S.C.A. § 1325(a)(5)(B). The court will fix a date to consider any amended plan the Debtors might file or, alternatively, if no plan is filed, to consider whether the Debtors' Chapter 13 case should be dismissed or converted to Chapter 7.

An order consistent with this Memorandum will be entered.

## ORDER

For the reasons stated in the Memorandum on Objection to Confirmation of Chapter 13 Plan filed this date, the court directs the following:

1. The Objection to Confirmation of Chapter 13 Plan filed by the United States of America, on behalf of its agency, the Internal Revenue Service, on December 21, 2000, is SUSTAINED. Confirmation of the Debtors' Chapter 13 Plan filed on November 15, 2000, as modified by a First Amended Chapter 13 Plan filed on March 7, 2001, is DENIED.

2. The Debtors shall have ten (10) days within which to further modify their Plan to provide for treatment of the fully secured claim of the Internal Revenue Service in the manner required by 11 U.S.C.A. § 1325(a)(5)(B) (West 1993). Any modified plan will be served on the Chapter 13 Trustee, Internal Revenue Service, and all affected creditors.

3. A hearing will be held on June 6, 2001, at 9:00 a.m., in Bankruptcy Courtroom 1–C, First Floor, Howard H. Baker, Jr. United States Courthouse, Knoxville, Tennessee, to consider any modified plan filed by the Debtors or, if none is filed, to determine whether this Chapter 13 case

8. Section 506(a) provides:

An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C.A. § 506(a) (West 1993).

9. Section 1325(a)(5)(B) provides in material part:

[T]he court shall confirm a plan if—

. . . .

(5) with respect to each allowed secured claim provided for by the plan—

. . . .

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim[.]

11 U.S.C.A. § 1325(a)(5)(B) (West 1993).

should be dismissed or converted to Chapter 7.

4. The hearing on the Objection to Confirmation by Chapter 13 Trustee filed by the Chapter 13 Trustee, Gwendolyn M. Kerney, on December 22, 2000, is RESET for June 6, 2001, at 9:00 a.m., in Bankruptcy Courtroom 1–C, First Floor, Howard H. Baker, Jr. United States Courthouse, Knoxville, Tennessee.

SO ORDERED.